IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT ASLANYAN,

        Petitioner,

v.

ISRAEL JACQUEZ,

        Respondent.

Case No. 3:24-cv-00119-JE

FINDINGS AND RECOMMENDATION

Robert Aslanyan
46103-510
Federal Prison Camp
P.O. Box 700
Yankton, SD 57078

    Petitioner, *Pro Se*

Natalie Wight
United States Attorney
Susanne Luse, Assistant United States Attorney
Patrick J. Conti, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this 28 U.S.C. § 2241 habeas corpus case alleging that the Bureau of Prisons ("BOP") has suspended the Residential Drug Abuse Program ("RDAP") at FCI-Sheridan thereby depriving him of an early release benefit to which he is entitled. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be dismissed.

## BACKGROUND

Petitioner, formerly incarcerated at FCI-Sheridan and now imprisoned at the Federal Prison Camp in Yankton, South Dakota, is serving a 37-month sentence for violating 18 U.S.C. §§ 1344(2) and 1349. Declaration of George Cho (#15), ¶ 3. In his Petition, he contends that BOP officials conducted a "Town Hall" meeting at FCI-Sheridan on December 8, 2023 where they informed the prisoners assembled that RDAP at Sheridan was being suspended. He claims that Drug Treatment Specialists advised the prisoners that if they wished to continue with RDAP, they would be permitted the opportunity to transfer to another institution. He also asserts, however, that he was not permitted such an opportunity. *See* Petition (#1), pp. 8-9.

Petitioner asks that the Court award him a reduction in his sentence as if he had successfully completed RDAP and had also received the discretionary early release benefit often associated with successful completion of that program. Respondent asks the Court to dismiss the Petition because: (1) the Court lacks jurisdiction over the subject matter; and (2) Petitioner failed to exhaust his administrative remedies prior to filing this lawsuit. Although Petitioner's supporting memorandum was due June 21, 2024, he has not filed such a brief.

///

///

## DISCUSSION

In 1990, Congress passed legislation requiring the BOP to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). This led the BOP to develop RDAP which, according to congressional statute, is "subject to the availability of appropriations." 18 U.S.C. § 3621(e)(1)(C). In order to incentivize prisoners to participate in RDAP, in 1994 Congress passed another law that allows the BOP, in its discretion, to award successful participants with an early release benefit not to exceed one year. 18 U.S.C. § 3621(e)(2)(B). Thus, the early release benefit is only a possibility because the BOP retains "broad discretion to grant or deny the one-year reduction." *McLean v. Crabtree*, 173 F.3d 1176, 1182 (9th Cir. 1999); *see also Bowen v. Hood*, 202 F.3d 1211 (9th Cir. 2000) (the BOP may deny even successful RDAP participants the early release benefit).

Petitioner is among more than a dozen prisoners at FCI-Sheridan who take issue with the fact that the prison has discontinued RDAP due to staffing shortages. Putting aside the fact that staffing shortages could very well fall under the category of "available appropriations" identified within 18 U.S.C. § 3621(e)(1)(C), in order to establish habeas corpus jurisdiction Petitioner must show that a decision in his favor would necessarily result in his speedier release from custody. "[C]laims that if successful would not necessarily lead to the invalidity of custody are not at the core of habeas corpus." *Pinson v. Carvajal*, 69 F.4th 1059, 1071 (9th Cir. 2023). The Petition must present the question of whether "the *detention itself* is without legal authorization." *Id.* at 1070 (italics in original).

Petitioner's prayer for relief asks the Court to order his speedier release, but this is of no consequence to the jurisdictional question because "a successful claim sounding in habeas necessarily results in release, but a claim seeking release does not necessarily sound in habeas." *Id* at 1073. Instead, "the proper analytical tack when determining whether actions like [this one] are at the core of habeas is to consider why release from confinement is necessary to remedy the underlying alleged violation." *Id* at 1072.

A court order requiring the BOP to release Petitioner from his prison sentence prior to its expiration is not legitimately at issue in this case. Not only did Congress not intend for felons to serve a lesser sentence due simply to the unavailability of RDAP at a particular institution, but discretionary release from a perfectly valid sentence cannot lead to the conclusion that the "detention itself is without legal authorization." *See id.* at 1070. Moreover, Petitioner's prayer for early release asks this Court to assume that: (1) if RDAP were available at Sheridan, he would successfully complete the program; and (2) were he to successfully complete RDAP at Sheridan, the BOP would exercise its discretion to award him with the early release benefit of § 3621. The fact that early release would have only been a possibility for Petitioner had RDAP not been discontinued at Sheridan is too speculative for this case to lie at the core of habeas corpus.

Although the above jurisdictional issue is dispositive of this case, the Court also lacks jurisdiction because Petitioner accepted a transfer to FPC-Yankton where he is currently enrolled in RDAP thus the case is now moot. *See* Cho Declaration (#15), ¶ 6; *see also Biodiversity Legal Foundation v. Badgley,* 309 F.3d 1166, 1173 (9th Cir. 2002) ("When a controversy no longer exists, the case is moot."). Even if Petitioner's transfer does not moot his claim, I also agree with the Government that Petitioner failed to exhaust the administrative remedies offered by the BOP,

4 - FINDINGS AND RECOMMENDATION

typically a prerequisite to filing for federal habeas relief. Cho Declaration (#15), ¶¶ 11-12; *see also Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (administrative exhaustion aids "judicial review by allowing the appropriate development of a factual record in an expert forum."). Moreover, Petitioner has no liberty interest in early release under § 3621(e), *Lopez v. Davis,* 531 U.S. 230, 241 (2001), and his preference to participate in RDAP only at Sheridan does not support a constitutional challenge where he has no fundamental right to participate in RDAP or to placement in a particular prison. *See Reeb v. Thomas*, 636 F.3d 1224, 1229 (9th Cir. 2011) (no liberty interest in RDAP or its early release benefit); *see also Meachum v. Fano*, 427 U.S. 215 (1976) (no constitutional right to placement in a particular prison). Accordingly, even if habeas jurisdiction were present, Petitioner would not be entitled to relief.

## **RECOMMENDATION**

The Petition for Writ of Habeas Corpus (#1) should be dismissed for lack of jurisdiction, and the Court should enter a judgment dismissing this case.

## **SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

///

///

///

///

///

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

| August 9, 2024 | /s/ John Jelderks |
|---|---|
| DATE | John Jelderks<br>United States Magistrate Judge |

6 - FINDINGS AND RECOMMENDATION